IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-00348-01-CR-W-FJG |
| | ) | |
| ERIC W. QUINN, | ) | |
| | ) | |
| Defendant. | | |

REPORT AND RECOMMENDATION

On November 17, 2009, an Indictment was filed charging defendant Quinn, being an unlawful user of or addicted to a controlled substance, in possession of a firearm. On January 5, 2010, defendant appeared before Chief United States District Judge Gaitan to change his plea of not guilty to guilty. At that hearing, issues regarding defendant's mental health were discussed, and Judge Gaitan ordered that a psychiatric examination be conducted prior to defendant entering a plea of guilty. Thus, the undersigned ordered the defendant to undergo a psychiatric or psychological examination pursuant to 18 U.S.C. § 4241.

On April 26, 2010, the Court held a hearing on the issue of the defendant's competency to stand trial. The only evidence offered was a stipulation by the parties to the Forensic Report dated April 15, 2010, prepared by Michelle Hoy-Watkins and Jason Dana of the Metropolitan Correctional Center, Chicago, Illinois. The examiners diagnosed defendant with polysubstance dependence, in remission, in a controlled environment and a personality disorder, not otherwise specified with antisocial traits. (Forensic Report at 7) Despite these diagnoses the examiners concluded that the defendant

> was able to provide a rational as well as factual version of the charges against him. There was no indication of intellectual or cognitive limitations in his ability to discuss his legal case or assist his attorney in his defense. Likewise, there was no

> evidence of a major mental illness that would preclude his ability to understand the functional capacities required for competency to stand trial. There was no limitation in his ability to communicate or assist in his defense. It is noteworthy that he appeared able to understand and retain information during lengthy interviews with the undersigned evaluator. Mr. Quinn demonstrated an ability to learn new information and recall information. Mr. Quinn displayed the ability to convey relevant information regarding his legal case in a sequential and logical manner. He displayed an ability to control his behavior and should be able to do so in a courtroom setting.

(Forensic Report at 9) Thus, the evaluators concluded that the defendant is not presently suffering from a mental disease or defect that would render him incompetent to stand trial. (Id.) Based upon the information before the Court, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order finding that defendant Eric W. Quinn is not currently suffering from a mental disease or defect which would prevent him from understanding the nature and consequences of the proceedings against him or assisting in his own defense and that he is competent to stand trial.

Counsel are reminded they have ten days from the date of this Report and Recommendation within which to file and serve objections. A failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on grounds of plain error or manifest injustice.

*/s/ Sarah W. Hays*
SARAH W. HAYS
UNITED STATES MAGISTRATE JUDGE